638 F.Supp. 274 (1986)
Leonard SYKES, Sr., as the Natural Guardian and Next Friend of Leonard Sykes, Jr., a Minor, Plaintiff,
v.
Charles E. SWEENEY, et al., Defendants.
85-2602C(1).
United States District Court, E.D. Missouri, E.D.
July 2, 1986.
*275 Anthony J. Sestric, Anne O. McCarthy, Anthony J. Sestric & Associates, St. Louis, Mo., for plaintiff.
Robert P. Baine, Jr., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before the Court on various motions of the parties. As an initial matter, the Court will deny defendants' original motions to dismiss as moot. Plaintiff filed a first amended complaint on December 11, 1985, which resolves the issues raised in the motions to dismiss. In addition, the Court will deny defendants' motion for a more definite statement as to Count II. With respect to the summary judgment motions, for the reason stated herein, the Court will grant defendants' motion for summary judgment on Count I and Count III of plaintiff's first amended *276 complaint and deny the motion with respect to Count IV. The Court will also deny plaintiff's motion for summary judgment.
Leonard Sykes, Jr., together with his father as next friend, filed a first amended complaint alleging inter alia, that defendants violated his due process rights in suspending and ultimately expelling Leonard from Hazelwood Central High School (Count I), that defendants' failure to provide medical care resulted in a violation of Leonard's constitutional rights (Count II), that the school board's expulsion hearing violated the Missouri Administrative Procedures Act (Count III) and that defendants negligently failed to provide medical care to Leonard (Count IV). Defendants have moved for summary judgment on Counts I and III.
The relevant facts, upon which the Court basis its conclusions, are not in dispute by the parties. Leonard Sykes was, in September, 1985, a 17 year old beginning his senior year at Hazelwood Central High School. Leonard missed a majority of the first ten days of class, apparently due to an illness. He returned to school on September 16, 1985. During the morning periods, Leonard complained of dizziness and on several occasions was sent to the nurse's office for observation. His whereabouts during the lunch hour is unknown but there is some indication that he went off campus. It is undisputed that after lunch Leonard was in the hallways of Hazelwood Central High School with a baseball bat. On several occasions, Leonard entered various classrooms uninvited. It is also undisputed that at some point Leonard touched a female instructor on the buttocks. The instructor summoned for help and a principal and police officer responded. Leonard took off running and after a short chase was cornered in a hallway. In an effort to persuade Leonard to give up the baseball bat, the police officer drew his revolver. After dropping the bat, a struggle ensued wherein Leonard attempted to retrieve the bat. Eventually Leonard was handcuffed and removed from the building.
Following the incident, Leonard's mother was summoned to the school and advised of the situation. The next day, September 17, 1985, the principal sent a letter to Leonard Sykes' parents stating the charges against Leonard.[1] The letter also stated that a disciplinary hearing was set for September 24, 1985, and that Leonard was not allowed to return to school until after the hearing.
On September 24, 1985, the disciplinary committee held a hearing on plaintiff's suspension. It is undisputed that at the hearing, the Sykes were informed of the charges against Leonard. The statements of the witnesses to the relevant facts were read and copies were provided to the Sykes. In addition, Ms. Webb, the instructor whom Leonard was accused of touching without consent, testified before the committee. Finally, plaintiff was allowed to relate his version of the incident and his parents were permitted to comment on the case. Plaintiff's attorney, who was present at the disciplinary committee hearing was not allowed to examine witnesses or participate in any manner during the hearing.
Following the disciplinary hearing, Leonard Sykes was suspended by the superintendent from school for ninety school days, ending February 6, 1986. The superintendent further recommended to the Board of Education that Leonard be expelled from high school. A hearing on the expulsion was set for November 12, 1985. Despite a request from his attorney, Leonard Sykes was not allowed to return to school pending the hearing before the Board of Education.
On November 19, 1985, Leonard Sykes' expulsion hearing was held before the school board. Leonard was accompanied by his parents and his attorneys. Witnesses *277 were called and were subject to cross-examination by Leonard and his attorneys. Leonard was also offered the opportunity to testify and to present any witnesses or evidence in his behalf. Following the hearing, the school board submitted its findings of fact and conclusions of law. The Board found that the ninety day suspension was supported by the facts and that Leonard Sykes should be expelled as a student from Hazelwood Central High School.
In Count I of his complaint, Sykes alleges that the conduct of the defendants with respect to the September 16th ten-day suspension, the September 24th ninety-day suspension, and the November 19, 1985 expulsion violated his constitutional rights. For the reason stated herein, the Court will grant defendants' motion for summary judgment on Count I of plaintiff's complaint.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure, § 2739 (1983).
As an initial matter, the Court notes that plaintiff's first amended complaint does not attack the constitutionality of the Missouri state statute providing for school suspensions. R.S.Mo. § 167.171 (Vernon Supp.1986).[2] Therefore, certification to the Missouri Attorney General is not required. See 28 U.S.C. § 2403(b). It is plaintiff's position that the defendants' actions, taken pursuant to the statute, were insufficient and therefore violated his due process rights. Accordingly, the Court must only examine the facts of this case to *278 determine whether defendants' suspension and expulsion procedures complied with the statutory requirements.
Plaintiff first argues that the ten-day suspension by the principal, which occurred on September 16, 1985, violated his due process rights because he was not afforded proper notice of the charges. The Court disagrees. The uncontroverted facts of this case indicate that Leonard's mother was summoned to the school on the day of the incident and informed of the events surrounding Leonard. In addition, the principal informed the Sykes by letter the following day of the charges against Leonard and of the scheduled hearing in front of the disciplinary committee.[3] The Court has no difficulty in finding that the letter of September 17th adequately informed the Sykes of the charges against Leonard. Plaintiff's objections to the notice provided by defendants are without merit.
Plaintiff next argues that the hearing before the disciplinary committee on September 24, 1985, which led to the ninety day suspension, violated his due process rights. The Missouri statute provides that the superintendent may impose such a suspension providing certain procedural guidelines are met. In applying these requirements to the case at bar, the Court finds that the uncontroverted facts demonstrate that the statutory requirements have been met. Leonard was provided with written notice of the charges against him. At the hearing, Leonard and his parents were given an explanation of the facts which formed the basis of the proposed action by the superintendent. Finally, there is no dispute that Leonard was offered the opportunity to present his version of the incident.
Plaintiff argues that the September 24th hearing was flawed in several respects. First, plaintiff asserts that defendants refused to allow plaintiff's attorney, who was present at the hearing, to confer with either plaintiff or his parents or to question any of the witnesses. Second, plaintiff asserts that neither plaintiff nor his parents were allowed to cross-examine the teacher who reported the touching without consent charge. Finally, plaintiff asserts that the introduction of witness statements into evidence constituted impermissible hearsay. The Court disagrees with each of these contentions. As previously stated, plaintiff has not attacked the constitutionality of the state statute. These additional trial-type requirements requested by plaintiff are not found in the suspension statute. Accordingly, having afforded plaintiff all the procedures required by the statute at the disciplinary hearing, the Court finds, as a matter of law, that plaintiff's due process rights were not violated. Despite the many allegations of denial of due process, the Court finds that the hearing procedures, while not a model for judicial proceedings, met the minimal requirements for due process.
Finally, with respect to the November 19, 1985 school board hearing on Leonard's expulsion, plaintiff generally argues that the board's decision to expel him violated his constitutional rights. There is no question that Leonard was represented by counsel before the board; that he was offered the opportunity to confront school officials having knowledge of the relevant facts; that he was allowed to cross-examine the witnesses; and that he was offered the opportunity to present evidence in support of his case. Having been afforded notice of the time and place of the hearing, permitted an opportunity to be heard, the right to counsel and the right to confront the teachers and school officials having knowledge of the relevant facts, plaintiff was afforded his due process.[4]See Strickland *279 v. Inlow, 519 F.2d 744 (8th Cir.1975); on remand from Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir.1961); Dillon v. Pulaski County Special School District, 468 F.Supp. 54 (E.D.Ark.1978), aff'd 594 F.2d 699 (8th Cir.1979).
Plaintiff argues that the school board hearing procedures were flawed because the witnesses were not sworn nor were the formal rules of evidence followed. The Court finds these arguments of no merit. The courts have consistently declined to impose the formal procedures and rules of evidence which govern court trials on student disciplinary proceedings. Brewer v. Austin Independent School District, 779 F.2d 260 (5th Cir.1985); Hall v. Medical College of Ohio at Toledo, 742 F.2d 299 (6th Cir.1984); Henson v. Honor Committee of U. Va., 719 F.2d 69 (4th Cir.1983); Boykins v. Fairfield Board of Education, 492 F.2d 697, 701 (5th Cir.1974), cert. denied 420 U.S. 962, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1975); Nash v. Auburn University, 621 F.Supp. 948 (M.D.Ala.1985); see also General Order on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Learning, 45 F.R.D. 133 (W.D.Mo.1968) (en banc).
Finally, with respect to any of the hearings, plaintiff has failed to demonstrate substantial prejudice as a result of any of the alleged denials of due process. See Keough v. Tate County Board of Education, 748 F.2d 1077, 1083 (5th Cir.1984) ("to establish a denial of procedural due process, a party must show substantial prejudice (case citations omitted)"). The only defense to the allegations of misconduct proffered by plaintiff is the testimony of Leonard Sykes as to his own conduct. In the transcript provided by plaintiff in support of his motion for summary judgment, it is clear that at the hearing, witnesses disputed plaintiff's explanation that he was given a baseball bat as a hall pass and that his touching of a female teacher was invited by her conduct.
It is not the purpose of this Court to step in and rehear the evidence and rethink the decision of school board officials. The fact that plaintiff disagrees with the decision of the principal, the superintendent and the school board is insufficient to state a claim for constitutional deprivation of his due process rights. Wood v. Strickland, 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214 (1975).
In summary, the Court finds that defendants' compliance with the procedural requirements of the state's suspension statute entitles defendants to summary judgment on Count I of plaintiff's first amended complaint. The Court will refuse to impose the additional requirements suggested by plaintiff. Certainly, there is no question but that "an arbitrary denial of plaintiff's right to education is forbidden under the due process clause". Strickland v. Inlow, 519 F.2d at 747. Once it is determined that due process applies, then the question becomes what process is due. See Goss v. Lopez, 419 U.S. 565, 577, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975). In examining the facts in the case at bar, the Court is convinced that the procedures followed by the school officials sufficiently minimized the risk of an erroneous deprivation of plaintiff's right to an education. The additional procedures to which plaintiff claims he is entitled would significantly overburden the school's administrative process without significantly reducing the risk of an erroneous deprivation. Id. at 583, 95 S.Ct. at 740. See also Keough, 748 F.2d at 1081.
Similarly, the Court finds that defendants are entitled to summary judgment on Count III of plaintiff's first amended complaint. In Count III, plaintiff alleges that the actions of the school officials, in suspending and expelling Leonard, violated the Missouri Administrative Procedures Act. Chapter 536 Mo.Ann.Stat. (Vernon Supp.1986). Having previously found that the procedures afforded plaintiff did not *280 constitute a violation of his constitutional rights, the Court finds that the exercise of pendent jurisdiction over plaintiff's state law claim would be improvident. Accordingly, the Court will dismiss Count III of plaintiff's first amended complaint without prejudice to refiling this count in state court. See Mo.Ann.Stat. § 536.110 (Vernon Supp.1986).[5]
With respect to Count IV, in which plaintiff alleges defendants negligently failed to provide Leonard adequate medical care, the Court will exercise pendent jurisdiction over this count. The Court finds that Count IV derives "from a common nucleus of operative fact" with Count II of plaintiff's complaint. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). While the Court has serious doubts about the validity of Count II, wherein plaintiff claims that defendants' failure to provide adequate medical treatment resulted in a violation of his constitutional rights, considerations of judicial economy and convenience warrant the exercise of pendent jurisdiction over Count IV of plaintiff's complaint.[6]

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motions to dismiss be and are denied.
IT IS FURTHER ORDERED that defendants' motion for summary judgment be and is granted as to Counts I and III and be and is denied as to Count IV.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be and is denied.
IT IS FURTHER ORDERED that defendants' motion for a more definite statement as to Count II be and is denied.
IT IS FURTHER ORDERED that plaintiff's motion for sanctions be and is denied.
NOTES
[1] The letter stated that Leonard was charged with the following violations:

1. Sexual abuse by forcibly touching a teacher without consent.
2. Assault by flourishing a weapon  baseball bat.
3. Running from a principal and police officer.
4. Truancy from class.
5. Disruptive behavior.
[2] The statute provides:

1. The school board in any district, by general rule and for the causes provided in section 167.161, may authorize the summary suspension of pupils by principals of schools for not to exceed ten days and by the superintendent of schools for not to exceed ninety school days. In case of a suspension by the superintendent for more than ten days, the pupil or his parents or others having his custodial care may appeal the decision of the superintendent to the board or to a committee of board members appointed by the president of the board which shall have full authority to act in lieu of the board. Any suspension by a principal shall be immediately reported to the superintendent who may revoke the suspension at any time. In event of an appeal to the board, the superintendent shall promptly transmit to it a full report in writing of the facts relating to the suspension, the action taken by him and the reasons therefor and the board, upon request, shall grant a hearing to the appealing party to be conducted as provided in section 167.161.
2. No pupil shall be suspended unless:
(1) The pupil shall be given oral or written notice of the charges against him; and
(2) If the pupil denies the charges, he shall be given an oral or written explanation of the facts which form the basis of the proposed suspension; and
(3) The pupil shall be given an opportunity to present his version of the incident; and
(4) In the event of a suspension for more than ten days, where the pupil gives notice that he wishes to appeal the suspension to the board, the suspension shall be stayed until the board renders its decision, unless in the judgment of the superintendent of schools, or of the district superintendent in a metropolitan school district, the pupil's presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process, in which case the pupil may be immediately removed from school, and the notice and hearing shall follow as soon as practicable.
[3] The Court finds of no consequence the fact that the charge of sexual abuse by forcibly touching a teacher without consent was later changed to a charge of making an advance toward a female instructor by touching without her consent.
[4] At least two circuits do not recognize an absolute due process right to have an attorney present to conduct a student's defense. Henson v. Honor Committee of U. Va., 719 F.2d 69, 74 (4th Cir.1983); Gabrilowitz v. Newman, 582 F.2d 100, 104 (1st Cir.1978). See also Jaska v. Regents of the University of Michigan, 597 F.Supp. 1245, 1252 and n. 8 (E.D.Mich.1984).
[5] To the extent that plaintiff's petition states a constitutional violation as a result of defendants' alleged violation of the Missouri APA, the Court finds Count III to be merely a repetition of the allegations raised in Count I.
[6] Defendants are encouraged to raise the validity of Count II of plaintiff's complaint in a motion for summary judgment if in fact such a motion is warranted.