WALTER LEE HEARNE, PETITIONER v. WAYNE SHERMAN, HEALTH DIRECTOR OF CHATHAM COUNTY, AND CHATHAM COUNTY, RESPONDENTS

No. 309A98

(Filed 23 July 1999)

**Public Officers and Employees— employment termination case—evenly divided Court—decision affirmed without precedential value**

An evenly divided Supreme Court affirmed without precendential value the unpublished decision of the Court of Appeals in a case involving termination of petitioner's employment as an animal control officer with a county health department that there was substantial evidence to support the conclusion of the final agency decision that petitioner voluntarily resigned and that the final agency decision by the county health director was reached in accordance with petitioner's due process rights.

Chief Justice MITCHELL did not participate in the decision of this case.

## HEARNE v. SHERMAN

[350 N.C. 612 (1999)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 130 N.C. App. 340, 505 S.E.2d 923 (1998), reversing and remanding an order entered 20 March 1997 by Hobgood, J., in Superior Court, Chatham County. Heard in the Supreme Court 8 March 1999.

*McSurely & Osment, by Alan McSurely and Ashley Osment, for petitioner-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, Jr., for respondent-appellees.*

LAKE, Justice.

This employment termination case comes to this Court as a result of a dissent in an unpublished decision in the Court of Appeals. The evidence in the record reflects that petitioner Walter Lee Hearne served as an "Animal Control Officer II" with the Chatham County Health Department until January 1995. Petitioner's employment ended when respondent Wayne Sherman, director of the Chatham County Health Department, sought petitioner's resignation as a result of adverse publicity arising out of allegations that petitioner euthanized a litter of puppies in an unauthorized manner.

The question presented for review is whether the final agency decision issued in this case was reached in accordance with petitioner's due process right to a fair determination. Since a final agency decision rendered pursuant to the procedures set forth in N.C.G.S. § 126-37 does not constitute a violation of a petitioner's due process rights, as we conclude was the case here, we affirm the Court of Appeals.

On 31 August 1995, petitioner filed a petition for a contested case hearing in the Office of Administrative Hearings alleging that respondent Sherman discharged him in January 1995 without just cause and without a hearing. However, in a letter to petitioner dated 2 August 1995, respondent Sherman wrote that it was the position of the Chatham County Health Department that petitioner voluntarily resigned from his job as Animal Control Officer II.

Administrative Law Judge (ALJ) Fred Morrison, Jr. conducted a hearing on petitioner's claim on 16-17 January 1996. In his recommended decision to the State Personnel Commission (SPC), the ALJ concluded that petitioner did not voluntarily resign his position as Animal Control Officer II and thus recommended petitioner's rein-

statement. On 5 August 1996, the SPC adopted the ALJ's findings of fact and conclusions of law, set out an additional finding of fact and additional conclusions of law, and recommended petitioner's reinstatement. On 31 October 1996, Chatham County Health Director Wayne Sherman, acting as the "local appointing authority" pursuant to N.C.G.S. § 126-37(b1), issued the final agency decision declining to adopt the SPC decision and concluded that petitioner had voluntarily resigned.

Petitioner filed a petition for judicial review to the Superior Court, Chatham County, pursuant to N.C.G.S. § 150B-43. In a 20 March 1997 order, the trial court found that the final agency's conclusion that petitioner voluntarily resigned was not supported by substantial evidence in the whole record, and reversed the final agency's decision. Accordingly, the trial court ordered petitioner's reinstatement. Respondents filed notice of appeal to the Court of Appeals, which held, in a split decision, that there was substantial evidence to support the conclusions of the final agency decision that petitioner voluntarily resigned. The Court of Appeals thus reversed and remanded the order to the trial court.

On 5 August 1998, petitioner filed a notice of appeal to this Court asserting substantial constitutional questions pursuant to N.C.G.S. § 7A-30(1), which in essence queried whether petitioner's due process rights were violated when the director of an agency renders the ultimate decision on an administrative appeal concerning his own employment decision. This Court entered an order on 3 December 1998 granting respondent's motion to dismiss petitioner's appeal of the constitutional questions. Our review of this case is therefore limited to the issue raised in the dissent below. Accordingly, we will not address the specific issue of whether a county health director is the proper person to serve as the "local appointing authority" under section 126-37(b1). The basis for the dissent in the decision below was that respondent Sherman issued a final agency decision wherein he evaluated factual issues involving his own testimony and credibility in violation of petitioner's rights to due process.

The decisive issue in the final agency determination was whether petitioner voluntarily resigned or was discharged from his position of employment. In determining whether an agency decision is supported by sufficient evidence, a reviewing court must apply the "whole record test." *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 233 S.E.2d 538 (1977). This standard of review limits the reviewing court to the agency's findings of fact and does not allow the court to

" 'replace the [agency's] judgment as between two reasonably conflicting views.' " *Powell v. N.C. Dep't of Transp.*, 347 N.C. 614, 623, 499 S.E.2d 180, 185 (1998) (quoting *Associated Mechanical Contractors v. Payne*, 342 N.C. 825, 832, 467 S.E.2d 398, 401 (1996)) (alteration in original).

The determinative facts as to whether petitioner voluntarily resigned are not in dispute. During the administrative hearing, petitioner testified regarding his telephone conversation with respondent Sherman:

> And he told me then, he started talking about due to all the news media attention and stuff and all the publicity, bad publicity we're getting about the animal shelter, said, I'm asking you for your resignation. Said, I think it will be the best for the program if you would resign.
>
> . . . .
>
> And he said something else. And I asked him to repeat it again. And he said, well, said, I am asking you for your resignation. And I said, you got it.

Additionally, the record reveals that petitioner's wife listened in on that telephone conversation between petitioner and respondent Sherman. Mrs. Hearne testified:

> Mr. Sherman said, well, I just think it would be in the best interest of the animal shelter if you would resign, Lee.
>
> . . . .
>
> And Lee said—he was very verbal and said, well, this is not over unless you ask the other people for their resignations also. And Mr. Sherman didn't respond at that. And Lee said, well, you've got it. And Mr. Sherman said, well, you're not going to change your mind, now, are you?
>
> . . . .
>
> Lee, as I said, was very hurt and angry too. He said that, y'all come on out here and get this truck off of my property and all of the county stuff off of my property.

While there is language in the final agency decision relating to the credibility of Mr. Hearne and Mr. Sherman, the fact is the parties do not dispute the foregoing testimony of petitioner and his wife or the

**HEARNE v. SHERMAN**

[350 N.C. 612 (1999)]

material facts surrounding the termination of petitioner's employment. This testimony from petitioner and his wife is substantial evidence that petitioner, while certainly and understandably not happy about it, did in fact resign his position. Consequently, respondent Sherman was not put in the position of having to weigh his own credibility with regard to this fact. We therefore cannot conclude that either the procedure followed in this case or the evidence considered as a result thereof violated petitioner's right to due process.

Additionally, the Administrative Procedure Act provides a mechanism for a petitioner to seek to have a person rendering an agency decision recused:

> If a party files in good faith a timely and sufficient affidavit of personal bias or other reason for disqualification of a member of the agency making the final decision, the agency shall determine the matter as a part of the record in the case, and the determination is subject to judicial review at the conclusion of the case.

N.C.G.S. § 150B-36(a) (1995). There is no evidence that petitioner exercised this statutory procedure to protect himself from any perceived bias on the part of or to challenge respondent Sherman. Finally, there is no provision in the Administrative Procedure Act requiring the final agency decision-maker to voluntarily recuse himself in a situation such as the one in the instant case.

The divergent judicial positions taken during the course of this case reflect a troubling and unfortunate set of circumstances involving fair and proper treatment and which seem to arise from the tenuous reaction of a public official in an environment of unfavorable publicity. In this light, our conclusion may seem harsh; however, because there was no procedural violation of the requirements set out in chapter 126 of the General Statutes and because we do not find that, under the particular circumstances of this case, respondent Sherman's participation as adjudicator violated petitioner's due process right to a fair administrative determination, we must affirm the decision of the Court of Appeals.

AFFIRMED.

Chief Justice MITCHELL did not participate in the decision of this case. The remaining members of the Court being equally divided, the decision of the Court of Appeals is affirmed without precedential value.

**HEARNE v. SHERMAN**

[350 N.C. 612 (1999)]

Justice FRYE dissenting.

In this case, petitioner was a permanent employee of Chatham County and was subject to the State Personnel Act (SPA) pursuant to N.C.G.S. § 126-5(a)(2). Petitioner claimed that he was discharged by respondent Chatham County Health Director without just cause and that he was entitled to a hearing to appeal his discharge. Respondent, on the other hand, claimed that petitioner voluntarily resigned from his employment and therefore was not discharged in violation of the just cause provision of the SPA. After a hearing, Administrative Law Judge (ALJ) Fred Morrison, Jr., concluded, and the State Personnel Commission (SPC) agreed, that petitioner did not voluntarily resign and was in fact discharged without just cause. Respondent Chatham County Health Director, as the "local appointing authority" responsible for making the final agency decision in this case, rejected the conclusions of the ALJ and the SPC. In doing so, respondent weighed the evidence and concluded that petitioner had voluntarily resigned. Respondent explained his conclusion by noting that either he or petitioner had lied about certain points, and he found that his own testimony on those points was credible.

Thus, the narrow question in this case may be stated as follows: Is an appellate court sitting in review of a final agency decision bound by findings of fact made by the agency's final decision-maker when that person bases the crucial finding on his own credibility? I conclude that the answer must be no.

As this Court stated in *Crump v. Board of Educ.*, 326 N.C. 603, 615, 392 S.E.2d 579, 585 (1990), "[a]n unbiased, impartial decision-maker is essential to due process." Paraphrasing the Court's words in *Crump*, I recognize that due process is a somewhat fluid concept, and determining what process is due when the head of an agency is making a final agency decision is different from evaluating the procedural protections required in a court of law. Determining what process is due requires an appellate court " 'to take into account an individual's stake in the decision at issue as well as the State's interest in a particular procedure for making it.' " *Id.* (quoting *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 494, 49 L. Ed. 1, 10 (1976)).

From the beginning, this case has hinged on a factual dispute about the details surrounding petitioner's alleged resignation. Petitioner has lost his job and may lose his case, but he should not do so without having the crucial question decided by an unbiased, impartial decision-maker. Due process requires no less.

**HEARNE v. SHERMAN**

[350 N.C. 612 (1999)]

Justice PARKER joins in this dissenting opinion.

Justice MARTIN dissenting.

The record shows respondent rendered a final agency decision in a case in which he adjudicated contested issues of fact regarding his own testimony and credibility. The perception of partiality created by this procedure, as recognized by Judge Wynn in his dissenting opinion at the Court of Appeals, departs from constitutional principles of fairness and due process.

The majority opinion infringes upon a cornerstone principle of procedural due process. "[O]ur system of law has always endeavored to prevent even the probability of unfairness. To this end no [person] can be a judge in his own case and no [person] is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136, 99 L. Ed. 942, 946 (1955).

In the present case, an administrative law judge (ALJ) concluded "[p]etitioner did not voluntarily resign" and "[r]espondent did not have just cause, procedurally or substantively, to terminate [p]etitioner's employment as an Animal Control Officer II." The State Personnel Commission (SPC) similarly concluded "[p]etitioner did not voluntarily resign" and "[r]espondent did not establish just cause for termination of the [p]etitioner's employment." After two impartial tribunals found in favor of petitioner, respondent, as Chatham County Health Director (Health Director) and a party to the action, rendered a final decision against petitioner holding "[p]etitioner resigned his position voluntarily and was not terminated by [r]espondent."

In refusing to adopt the findings of the two earlier tribunals, respondent relied upon his own personal knowledge and bias as a party to the action and in his capacity as Health Director. The perception of partiality exhibited by respondent's adverse decision against petitioner is visibly reflected in his final decision, which states:

[I]t is evident that either Mr. Sherman or Mr. Hearne are [sic] lying about certain points. The Health Director finds Mr. Sherman's testimony on these points to be credible. Consequently, the Health Director declines to adopt the ALJ's recommended findings of fact on these points which are based on

[p]etitioner's testimony, or which are not based on Mr. Sherman's credible testimony.

The perception created by respondent's service as judicial arbiter in his own case does not promote confidence in our judicial system as, indeed, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14, 99 L. Ed. 11, 16 (1954).

Although I recognize that the instant appeal arises out of an administrative determination, " '[the United States Supreme Court] has never held . . . that administrative officers, when executing the provisions of a statute involving the liberty of persons, may disregard the fundamental principles that inhere in 'due process of law' as understood at the time of the adoption of the Constitution.' " *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 161, 95 L. Ed. 817, 848 (1951) (Frankfurter, J., concurring) (quoting *Kaoru Yamataya v. Fisher*, 189 U.S. 86, 100, 47 L. Ed. 721, 725-26 (1903)). "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases." *In re Murchison*, 349 U.S. at 136, 99 L. Ed. at 946; *see* Randall T. Shepard, *Campaign Speech: Restraint and Liberty in Judicial Ethics*, 9 GEO. J. LEGAL ETHICS 1059, 1083-92 (1996). As we have succinctly stated, "[a]n unbiased, impartial decision-maker is essential to due process." *Crump v. Board of Educ.*, 326 N.C. 603, 615, 392 S.E.2d 579, 585 (1990).

The majority holds, in the instant case, that the determinative facts as to whether petitioner voluntarily resigned are not in dispute, and thus, respondent did not have to weigh his own credibility with regard to the facts. The ALJ and the SPC both made findings of fact, however, supporting the conclusion that petitioner did not voluntarily resign. Furthermore, on judicial review from the administrative determination, the trial court concluded "the finding of fact in [respondent's] decision, that petitioner voluntarily resigned, is not supported by substantial evidence in the whole record." Consequently, numerous material facts were in dispute regarding the details surrounding petitioner's alleged resignation.

I am troubled by the majority's selective recitation of certain portions of the record testimony to justify its conclusion that respondent did not have to weigh his own credibility. By doing so, the majority ignores the perception of partiality inherent in the termination procedure utilized by respondent. In addition, the majority's decision to reweigh the evidence ignores our long-standing rule that

appellate courts should not disregard findings of fact when they are supported by competent evidence, as here, even if the evidence would also support a contrary result. *See Scott v. Scott*, 336 N.C. 284, 291, 442 S.E.2d 493, 497 (1994). Therefore, the majority errs by disregarding the findings of the ALJ and the SPC that petitioner did not voluntarily resign.

Finally, I disagree with the majority's conclusion that petitioner should have moved to have respondent recuse himself pursuant to N.C.G.S. § 150B-36(a). First, since respondent served as Chatham County Health Director, he was necessarily the "local appointing authority" under N.C.G.S. § 126-37(b1). I note, and the majority does not disagree, that the Administrative Procedure Act does not provide for an alternative or substitute arbiter in the event of respondent's recusal. Therefore, any attempt by petitioner to request that respondent recuse himself would have in fact been "clearly useless" and, therefore, no procedural bar to the viability of petitioner's due process claim before this Court. *See UDC Chairs Chapter v. Board of Trustees*, 56 F.3d 1469, 1475 (D.C. Cir. 1995).

Second, the record reflects, as noted at oral argument, that respondent simply mailed his final decision to petitioner almost three months after the SPC adopted the ALJ's recommendation that petitioner be reinstated, thereby depriving petitioner of *any* opportunity to be heard prior to issuance of a final agency decision which wholly rejected the SPC's recommendation, and, perhaps even more important, depriving petitioner of any notice that respondent intended to serve as final arbiter over a contested case in which he had personal knowledge and bias as a party to the action.

Our constitutional guarantees of due process are paramount to the provisions of the Administrative Procedure Act, and, in any event, courts should "indulge every reasonable presumption against waiver" of a constitutional right. *See Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 81 L. Ed. 1177, 1180 (1937); *see also* 2 Chester J. Antieau & William J. Rich, MODERN CONST. LAW § 35.03 (2d ed. 1997) ("Facts needed to establish an effective waiver [of due process rights], however, must be specifically proven.").

Put simply, after publication of the majority opinion, North Carolina's local government employees will retain little constitutional due process protection against fundamentally biased termination procedures. By adjudicating material factual issues in which respondent was personally involved and thereafter weighing the credibility of

his own testimony, respondent violated petitioner's constitutional due process rights.

Accordingly, I respectfully dissent.