779 F.2d 260
 29 Ed. Law Rep. 56
 Dennis BREWER, by his mother and next friend, Marilou
DREYFUS, Plaintiff-Appellant,
v.
AUSTIN INDEPENDENT SCHOOL DISTRICT, Austin Independent
School District Board of Trustees, et al.,
Defendants-Appellees.
 No. 84-1995.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 30, 1985.
 
 Greenstein, Kilker, Malcolm Greenstein, Austin, Tex., for plaintiff-appellant.
 McGinnis, Lochridge & Kilgore, James R. Raup, John H. Spurgin, II, Austin, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.
 PATRICK E. HIGGINBOTHAM, Circuit Judge:
 
 
 1
 Dennis Brewer, who admitted possessing marijuana in school, contends that he did not receive due process at the hearings in which the length of his suspension from high school was determined. We find that Brewer received the process due him under the fourteenth amendment and affirm the district court's summary judgment in favor of the school district defendants.
 
 
 2
 * Dennis Brewer was a sixteen-year-old student at David Crockett High School in the Austin Independent School District on November 29, 1982, when a teacher told Assistant Principal Johnny Brown that she had just been informed by a student that Brewer was dealing drugs in her class. Brown called Brewer out of the classroom and confronted him with the allegation. Brewer denied the charge, and no contraband was found when his locker was searched. Brown took Brewer to the school's administrative offices and asked to see the contents of his pockets. Brewer removed a bottle of marijuana and a pipe hose from his pants pocket, admitting they were his. Brown immediately suspended Brewer for three days, and notified Brewer and his mother, Marilou Dreyfus, of the punishment.
 
 
 3
 A Campus Review Board hearing was scheduled for December 3, 1982. Ms. Dreyfus received telephone notice of the hearing from Brown, along with two written notices, both of which included copies of the AISD disciplinary policy. The first notice indicated that a "Category II" hearing would be held, which suggested a maximum punishment of a one semester suspension. The second notice and telephone call informed Brewer and his mother that he would be facing a "Category III" hearing, with the possibility of a year-long suspension.
 
 
 4
 On December 3, 1982, the Campus Review Board held its hearing. Brewer freely admitted possession of the marijuana and pipe hose, but he denied selling drugs and asked for the names of the buyers and the circumstances surrounding any alleged sale. Three statements from students, accusing Brewer of selling and smoking marijuana on campus, were read to Brewer at the hearing, although the students themselves were not identified. The Campus Review Board--Brown, two faculty members, and a counselor--voted unanimously to recommend that Brewer be suspended for the remainder of the school year. On December 16, 1982, AISD Superintendent Ellis accepted the Board's recommendation.
 
 
 5
 Brewer appealed the decision, and another hearing was held on January 12, 1983, before Assistant Superintendent David Duty. Brewer again admitted possession of marijuana and drug paraphernalia while at school, but denied smoking or selling marijuana on campus. Duty, noting the disparity between Brewer's punishment and that imposed in three similar cases, called Acting Principal Bush after the hearing to find out about the variation. Mrs. Bush replied: "We're 99% sure Dennis was dealing.... We actually only really learned about the selling after we had scheduled the Campus Review Board--so we didn't want to make a formal charge out of it." Duty recommended that the suspension for the remainder of the school year be affirmed, and his recommendation was adopted by Superintendent Ellis.
 
 
 6
 Brewer's suspension was terminated in March, 1983, and he returned to school at the W.R. Robbins Secondary School on March 8, 1983. Allowing for vacation time, Brewer's actual suspension was approximately eight weeks long.
 
 
 7
 Brewer sued under 42 U.S.C. Sec. 1983, alleging both that he was denied due process of law in the suspension hearings and that the school's search of his person violated his fourth and fourteenth amendment right to be free from unreasonable search and seizure. Brewer sought damages, a judgment declaring AISD's disciplinary procedure unconstitutional, and a permanent injunction enjoining the use of the existing procedures.
 
 
 8
 The district court dismissed the claims for declaratory and injunctive relief, on the ground that Brewer was no longer living in the AISD school district and therefore lacked the concrete, adverse interest necessary to maintain those claims. AISD was granted summary judgment on the due process and search and seizure claims. On appeal, Brewer argues only that the district court erred in holding that his due process rights were not violated in the suspension hearings.
 
 II
 
 9
 Brewer asserts that the Campus Review Board denied him due process by considering evidence that he was selling drugs and smoking marijuana on campus, evidence he had no opportunity to rebut. He also argues that Assistant Principal Brown impermissibly acted as both a witness and a judge at the Campus Review Board hearing. Brewer contends further that the appellate hearing violated the due process clause because Duty did not make an independent determination of the appropriate punishment and because Duty relied on evidence that Brewer had no opportunity to rebut.
 
 
 10
 AISD replies that Brewer was suspended solely for "possession of marijuana and drug paraphernalia," which he freely admitted at both hearings; that consideration of evidence about such activities as drug dealing was permissible in determining the length of the suspension; and that long-term suspension for drug possession alone is authorized by AISD's policy. Finally, AISD argues that Brewer's hypothesis that he was suspended for dealing or use of drugs, rather than for possession alone, ignores the fact that the suspension lasted only eight weeks.
 
 III
 
 11
 We first address Brewer's claim that the procedures followed by the Campus Review Board failed to provide due process. Brewer argues that specific allegations of drug dealing and drug use were considered in both hearings and that he had no opportunity to rebut the allegations or to confront and cross-examine his accusers.
 
 
 12
 A student charged with misconduct may not be suspended from a public school without the "minimum procedures" required by the due process clause. Goss v. Lopez, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975). In the context of school suspension hearings, we have cautioned that "the process due may vary in particular cases depending upon the circumstances," Keough v. Tate County Bd. of Educ., 748 F.2d 1077, 1081 (5th Cir.1984) (citation omitted), and that "[t]he standards of procedural due process are not wooden absolutes. The sufficiency of procedures must be judged in the light of the parties, the subject matter and the circumstances involved." Id. (quotingFerguson v. Thomas, 430 F.2d 852, 856 (5th Cir.1970)). Cf. Wood v. Strickland, 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214 (1975).
 
 
 13
 Because Brewer admitted possession of marijuana and drug paraphernalia and because the punishment he received for the offense was within the limits authorized by AISD's policy,[1] the validity of the suspension itself is beyond question. See McClain v. Lafayette County Bd. of Educ., 673 F.2d 106 (5th Cir.1982). Any procedural errors could therefore relate only to the school's determination of the appropriate punishment for the admitted wrongdoing.
 
 
 14
 Brewer's argument--that the Campus Review Board should not have considered evidence that he had used and sold drugs at school without giving him the opportunity to confront and cross-examine the witnesses to these acts--implicitly confuses two quite distinct processes: school disciplinary actions and criminal sentencing proceedings. Apart from the fact that their application would not likely have here led to a different conclusion in any event, we reject any suggestion that the technicalities of criminal procedure ought to be transported into school suspension cases. See Williams v. Dade County School Bd., 441 F.2d 299, 301 (5th Cir.1971). We are mindful of the burden placed on school administrative facilities by the notice and hearing requirements already imposed during the guilt phase of suspension hearings. We decline to escalate the formality of the suspension process even further by requiring school administrators to provide a fact hearing as to the accuracy of each bit of evidence considered in determining the appropriate length of the punishment, a requirement that is not imposed even in criminal cases. The summary judgment evidence shows indisputably that summaries of statements from three students describing specific incidents of Brewer's use or sale of drugs on campus were read to him at his hearing.[2] Each summary included the class in which the reported incidents occurred; though none was specifically dated, each described events within the previous three months. Such a confrontation was more than sufficient to allow the evidence to be used in determining the length of Brewer's suspension.
 
 
 15
 Because we find that the Campus Review Board hearing afforded due process, we need not decide whether the appeal hearing before Assistant Superintendent Duty also did so. Although schools may wish to provide appellate mechanisms to cure procedural errors that can creep into initial suspension proceedings, they are not required to do so by the Constitution. Due process need only be provided once.
 
 
 16
 Citing Lee v. Macon County Bd. of Educ., 490 F.2d 458, 460 (5th Cir.1974), Brewer also complains that Assistant Superintendent Duty made no independent determination of punishment. Lee, however, merely forbids the decisionmaker charged with holding the initial due process hearing from automatically accepting the punishment recommended by the student's accuser. In the case at bar, the Campus Review Board had made an independent determination of the appropriate punishment, and there was no constitutional requirement that Duty repeat this exercise on appeal. Due process, once provided, is not undone by appellate procedures that do not independently provide all the elements of due process.
 
 
 17
 To the extent that Brewer has implicitly raised an argument that the length of his suspension denied him substantive due process, it is without merit. Review and revision of a school suspension on substantive due process grounds would only be available in a rare case where there was no "rational relationship between the punishment and the offense." Mitchell v. Board of Trustees, 625 F.2d 660, 664 n. 8 (5th Cir.1980). The school's initial decision to suspend Brewer for the remainder of a school year for possession of an illegal drug satisfied this test; a fortiori, the actual eight week suspension was constitutional.
 
 
 18
 Finally, Brewer argues that Assistant Principal Brown's roles as investigator and witness prevented him from acting impartially as a voting member of the Campus Review Board. A school administrator involved in the initiation and investigation of charges is not thereby disqualified from conducting a hearing on the charges, although the facts of an occasional case may demonstrate that a school official's involvement in an incident created a bias "such as to preclude his affording the student an impartial hearing." Sullivan v. Houston Indep. School Dist., 475 F.2d 1071, 1077 (5th Cir.), cert. denied, 414 U.S. 1032, 94 S.Ct. 461, 38 L.Ed.2d 323 (1973). Brewer presented no summary judgment evidence that Brown was actually biased. The district court properly found that there was no genuine issue of material fact as to the impartiality of the Campus Review Board.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Brewer argues that a year-long suspension for possession of marijuana violates AISD's "Policy on Discipline," which contains suspension guidelines for certain offenses. Under the guidelines, possession, use, and sale of drugs are a "Category II" offense with a suggested punishment of suspension for the remainder of the school semester. Brewer received a "Category III" suspension for the remainder of the school year, suggested in cases where the student "represents a clear and present danger of continued disruption of the educational process." AISD's policy states expressly, however, that "the description of types of offenses which warrant particular types of suspension is not intended to be limiting nor is it intended to describe a particular level of punishment." The decision to impose a year-long suspension on Brewer therefore did not violate AISD policy
 
 
 [2]
 The sole affidavit on Brewer's behalf, which was signed by his mother, Marilou Dreyfus, does not contradict AISD's evidence that the student statements were read to Brewer at the Campus Review Board hearing. Dreyfus denies only that she and Brewer "were ever shown the ... documents"; she nowhere denies that they were read in Brewer's presence