ANN JOYCE v. WINSTON-SALEM STATE UNIVERSITY

No. 8810SC74

(Filed 16 August 1988)

**State § 12— employee not promoted—arbitrary and capricious action of State Personnel Commission—promoting from within policy—improper hiring procedure**

The trial court properly found that the State Personnel Commission acted arbitrarily and capriciously in denying petitioner's promotion, and the Commission's findings of fact and decision were not supported by substantial evidence where the evidence tended to show that, prior to October 1982, petitioner had been employed by respondent in its personnel office for eight years; in November 1982 and again in August 1983 petitioner applied for promotions; it is the established policy of the Commission to promote from within whenever practicable, but the Commission failed in its review of petitioner's appeal to make any finding relative to this policy, thus indicating a lack of fair and careful consideration; there was evidence that the person who was hired for the vacancy in 1983 filed her application a month before notice was actually posted, was offered the job before it was posted, and did not meet the stated qualifications for the position, yet the Commission made no findings with respect to abuse of discretion or improper procedure; and essentially the only evidence relied on by the Commission to decide against petitioner was the un-

substantiated opinion of her superior that petitioner was uncooperative and difficult to work with, but the record contained much evidence to the contrary.

APPEAL by respondent from *Bailey, James H. Pou, Judge.* Order entered 28 August 1987 in WAKE County Superior Court. Heard in the Court of Appeals 1 June 1988.

Prior to October 1982 the petitioner had been employed by respondent Winston-Salem State University (WSSU) as a Personnel Technician I for approximately eight years. In October 1982 Ms. Fannie Williams assumed the position of Personnel Director at WSSU with the mandate to make more efficient the operation of the personnel office and to improve its image. After Ms. Williams' installment the petitioner twice sought a promotion within respondent's personnel office, but was passed over both times. On the first occasion WSSU posted in November 1982 a notice of vacancy for the position of Personnel Officer and established a search committee to screen the applicants. The petitioner applied and was ranked fifth by the search committee on its list of the 39 applicants. The University eventually hired Ms. Esther Keith, whom the search committee had ranked first on its list.

In June 1983 Ms. Keith gave notice of resignation. On 22 August 1983 WSSU posted notice of a vacancy for the position of Personnel Technician, and the qualifications for the position were also announced. Deeming herself qualified, petitioner applied once again. This time WSSU offered the job to Ms. Sylvia Gwyn, who had been ranked third by the search committee during the previous search.

The petitioner then filed a grievance with the University grievance committee, which concluded that the evidence was insufficient to find an infraction of any relevant policy, and on 18 January 1984 Mr. Douglas Covington, Chancellor of WSSU, informed the petitioner that he concurred with the conclusions of the grievance committee. Petitioner then appealed her non-selection to the State Personnel Commission (Commission) pursuant to N.C. Gen. Stat. §§ 126-35 and 126-37, principally alleging that respondent WSSU had abused its discretion and not followed proper procedure in its promotion decisions of November 1982 and August 1983. A hearing was held on 1 July 1985, and on 16 October the hearing officer filed her Opinion including findings of

fact, the conclusion that respondent WSSU did not abuse its discretion in failing to promote petitioner, and the recommendation that the decision by respondent not to promote be left undisturbed. On 5 December the Full Commission by Decision and Order adopted as its own the Opinion of its hearing officer.

Thereupon, the petitioner filed in Wake County Superior Court a petition for judicial review of the Commission's decision pursuant to N.C. Gen. Stat. § 150A-43. A hearing was held, and by Order entered 17 August 1987 the trial court reversed the decision of the Full Commission and ordered that the petitioner be granted the denied promotion and full back pay and benefits retroactive to 1 September 1983. In its Order the trial court made the following findings:

1. That the State Personnel Commission acted arbitrarily and capriciously in denying the Petitioner a promotion due to its failure to consider the following uncontradicted evidence in the record herein:

a. The Respondent failed to consider the promotion policy promulgated by the State Personnel Commission when the Petitioner applied for promotions in November of 1982 and August of 1983.

b. The Respondent, by and through its Personnel Director, Ms. Fannie Williams, told Ms. Sylvia Gwyn in July of 1983 that she had been chosen for the position which was not posted for vacancy until August of 1983, and for which the Petitioner applied.

c. Ms. Gwyn filed her application for that position in July of 1983.

d. Ms. Gwyn did not meet the qualifications of the posted vacancy in that she possessed only two (2) years personnel experience instead of the requisite six (6) years.

e. The Petitioner was qualified for the position.

2. The findings of fact and decision of the State Personnel Commission are not supported by substantial evidence in view of the entire record nor is there, based upon the evi-

dence, a rational basis for the Commission's decision to deny the Petitioner a promotion.

Respondent WSSU appealed.

*Lawrence J. Fine for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kaye R. Webb, for respondent-appellant.*

WELLS, Judge.

The question is whether the trial court properly found that the Commission's decision to deny petitioner 'her promotion was (1) arbitrary and capricious and (2) unsupported by substantial evidence in view of the whole record. After careful scrutiny of the Record and consideration of the arguments of the parties, we conclude, for reasons to follow, that the trial court's Order must be affirmed.

At the time this case was commenced, N.C. Gen. Stat. § 150A-51 (now codified as G.S. § 150B-51) provided the scope of review of decisions of administrative agencies. In pertinent part, the statute authorized a reviewing court to modify or reverse an agency's decision if

the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

. . .

(5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. Ch. 150A (April 1983 Replacement). Our Supreme Court agrees that an agency decision is arbitrary and capricious if it clearly evinces a lack of fair and careful consideration or want of impartial, reasoned decisionmaking. *See Comr. of Insurance v. Rate Bureau,* 300 N.C. 381, 269 S.E. 2d 547 (1980). In the present case our review confirms that the Commission's adopted Opinion reflects a failure to consider that respondent WSSU took no account of the Commission's own promotion policy in making its

decision not to promote Ms. Joyce. Pursuant to N.C. Gen. Stat. § 126-4(6) the State Personnel Commission has promulgated, in pertinent part, the following promotion policy: "Promotion is a change in status upward . . . resulting from assignment to a position of higher level. When it is practical and feasible, a vacancy should be filled from among the eligible permanent employees. Selection should be based upon demonstrated capacity, quality, and length of service." N.C. Admin. Code tit. 25, r. 1D.0301 (Oct. 1987). Thus, it is the established policy of the Commission that vacancies should be filled from within whenever practicable; and the Commission's failure in its review of petitioner's appeal to make any finding relative to this established policy evinces a lack of fair and careful consideration.

Furthermore, our review confirms that the Commission made no finding relevant to evidence that Ms. Gwyn filed her application for the August 1983 opening a month before notice of it was actually posted, or Ms. Gwyn's testimony that Ms. Williams effectively offered her the job before it was posted, or that Ms. Gwyn was hired even though she did not meet the stated qualifications for the position. This was critical evidence in view of the fact, as indicated above, that the two principal issues in petitioner's appeal to the Commission were whether respondent had abused its discretion in not promoting petitioner and whether the respondent had followed proper procedure in its hiring decision. In view of the stated issues involved, the Commission's failure to make findings with respect to such telling evidence of abuse of discretion and improper procedure clearly betrays a want of careful and impartial decisionmaking.

Our review of the Record also confirms the trial court's determination that the Commission's findings of fact and decision were not supported by substantial evidence in view of the entire Record. In reviewing an administrative decision to determine if it is supported by substantial evidence, the court must apply the "whole record" test. *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E. 2d 914, *cert. denied*, 318 N.C. 507, 349 S.E. 2d 862 (1986). Under the "whole record" test the reviewing court must consider not only the evidence that supports the agency's decision, but also contradictory evidence or evidence from which conflicting inferences might be drawn. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977). If an agency deci-

sion is not supported by substantial evidence in view of the entire record as submitted, it may be reversed. *General Motors Corp. v. Kinlaw*, 78 N.C. App. 521, 338 S.E. 2d 114 (1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Comr. of Insurance v. Rating Bureau*, 292 N.C. 70, 231 S.E. 2d 882 (1977); and substantial evidence "is more than a scintilla or a permissible inference." *Lackey v. Dept. of Human Resources*, 306 N.C. 231, 293 S.E. 2d 171 (1982).

In the present case we find that essentially the only evidence relied on by the Commission to decide against the petitioner was the unsubstantiated opinion of Ms. Williams that the petitioner was uncooperative and difficult to work with. However, the Record contains on this point much evidence to the contrary. For example, Ms. Beverly Wilson, a secretary in the Personnel Office, testified that she had never observed petitioner express an unwillingness to assist Ms. Williams. And Ms. Gwyn testified that she had never noticed Ms. Joyce being unwilling to assist Ms. Williams or anyone else.

In its eleventh finding of fact the Commission includes excerpts from a negative pre-evaluation letter prepared by Ms. Williams for the petitioner in May 1983. However, the Commission's Opinion ignores the official evaluation completed one month later that gave the petitioner a very positive evaluation of her work. Furthermore, prior to Ms. Williams' installment as Personnel Director, the petitioner had received outstanding evaluations from her superior, Dr. Bernell Jones. Dr. Jones testified that petitioner was dependable and professional and "stood out more so than anyone else in the office while I was working there." Esther Turman, another employee of the respondent's personnel office, also testified that Ms. Joyce was a diligent worker and was knowledgeable about the responsibilities of the office. Ms. Gwyn herself impliedly conceded that when she was hired in 1983 instead of petitioner, the petitioner was more qualified for the job because of her experience.

In sum, our review of the whole Record as submitted persuades us that the Commission's conclusion that respondent did not abuse its discretion in failing to promote petitioner is not only unsupported by substantial evidence, but is overwhelmingly refut-

ed by evidence to the contrary. We hold that the trial court correctly found that the Commission acted arbitrarily and capriciously in denying petitioner's promotion and that the Commission's findings of fact and decision were not supported by substantial evidence in view of the entire record.

Thus, the Order of the trial court must be, and is

Affirmed.

Judges BECTON and PHILLIPS concur.