BIO-MEDICAL APPLICATIONS OF NORTH CAROLINA, INC. d/b/a BMA OF CONCORD d/b/a METROLINA KIDNEY CENTER OF CONCORD (LESSEE) AND CONCORD NEPHROLOGY ASSOCIATES (LESSOR), PETITIONERS-APPELLANTS v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT-APPELLEE, AND DIALYSIS CARE OF NORTH CAROLINA, LLC d/b/a DCNC, LLC, RESPONDENT-INTERVENOR-APPELLEE

No. COA98-1499

(Filed 21 December 1999)

1. **Hospitals and Other Medical Facilities— certificate of need—final agency decision—requirements for application**

   Although Bio-Medical Applications' argument that the Department of Health and Human Services exceeded its authority and jurisdiction and committed errors of law by awarding a certificate of need to Dialysis Care on the basis of an application that was never shown to be conforming to all applicable criteria is technically correct, this argument when applied to the facts and unusual procedural posture of this case reveals Bio-Medical Applications was not prejudiced by these alleged mistakes or omissions under a Settlement Agreement between the Department and Dialysis Care since they were corrected by information supplied before the final agency decision.

2. **Hospitals and Other Medical Facilities— certificate of need—whole record test—requirements for application**

   The Department of Health and Human Services' final agency decision concerning an application for a certificate of need was supported by the evidence because the whole record test reveals the application was originally rejected because it did not contain

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

some required information, the evidence of need was provided by the time the parties agreed to a settlement, additional information was provided during argument before the administrative law judge, and the Department relied on all of the information before it issued the final agency decision.

**3. Hospitals and Other Medical Facilities— certificate of need—size of dialysis unit—issue not previously addressed**

The Department of Health and Human Services' final agency decision concerning an application for a certificate of need was not erroneous based on a lack of findings regarding the size of the proposed dialysis facility because there are no specific size requirements for a dialysis facility, and the issue of size is not properly before the court because it was not addressed by the Department of Health and Human Services on Dialysis Care's appeal.

**4. Hospitals and Other Medical Facilities— certificate of need—whole record test—not arbitrary and capricious**

The Department of Health and Human Services' final agency decision that approved the application for a certificate of need was not arbitrary and capricious because the whole record test reveals all the necessary criteria had been met.

**5. Hospitals and Other Medical Facilities— certificate of need—final agency decision—adoption of administrative law judge's prior decision**

The Department of Health and Human Services' final agency decision that approved the application for a certificate of need was not defective under N.C.G.S. § 150B-51(a) for failure to state specific reasons why the Department did not adopt multiple portions of the administrative law judge's recommended decision because the final agency decision essentially adopted the administrative law judge's recommended decision and the rule does not require a point-by-point refutation of the judge's findings and conclusions.

**6. Administrative Law— final agency decision—recusal of final decision-maker**

The Director of the Division of Facility Services did not err in refusing to recuse herself, upon Bio-Medical Applications' request, from the final agency decision even though she had previously approved the settlement agreement and was in essence

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

reviewing her own decision to award a certificate of need to Dialysis Care because the final agency decision-maker in this case had no personal stake in the outcome of the final agency decision which would require her disqualification under N.C.G.S. § 150B-36(a).

Appeal by petitioners Bio-Medical Applications of North Carolina, Inc., et. al., from the final agency decision entered 2 July 1998 by the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 16 September 1999.

*Moore & Van Allen, PLLC, by Joy Heath Thomas, Dean M. Harris, and Kelly M. Simeon, for petitioners-appellants.*

*Michael F. Easley, Attorney General, by Staci Tolliver Meyer, for respondent-appellee.*

*Poyner & Spruill, L.L.P., by William R. Shenton, Thomas R. West, and Michelle L. Frazier, for respondent-intervenor-appellee.*

WYNN, Judge.

Bio-Medical Applications of North Carolina, Inc. appeals from a final agency decision of the North Carolina Department of Health and Human Services[1] awarding a Certificate of Need to Dialysis Care of North Carolina, L.L.C. Our review of the whole record reveals substantial evidence to support the Department of Health and Human Services' award. We, therefore, affirm the award.

Dialysis Care of North Carolina, L.L.C. d/b/a DCNC, L.L.C.[2] provides dialysis and related services to North Carolina patients. Bio-Medical Applications of North Carolina, Inc. d/b/a BMA of Concord d/b/a Metrolina Kidney Center of Concord and Concord Nephrology Associates (collectively referred to in this opinion as "Bio-Medical Applications") provide similar services.

The 1995 State Medical Facilities Plan and a Semi-Annual Dialysis Report identified the need for fourteen additional dialysis stations in Rowan County. In response, Dialysis Care and Bio-Medical

---

1. Formerly the Department of Human Resources. N.C. Gen. Stat. § 143B-138.1 (1998 Cum. Supp.).

2. Dialysis Care moves this Court to take judicial notice of its corporate name change to Total Renal Care of North Carolina, LLC. We grant this motion, but for the sake of clarity in this opinion, we will refer to the corporation as Dialysis Care.

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

Applications filed Certificate of Need applications to establish the new dialysis stations. The Department of Health and Human Services denied their applications, and the two dialysis providers appealed the decision.

In settlement of that appeal, Dialysis Care received a Certificate of Need to add fourteen stations to its already existing facility in Salisbury, North Carolina. In addition, Dialysis Care and Bio-Medical Applications agreed not to propose a new dialysis center in Rowan County until after 1 July 1996.

On 16 July 1996, Dialysis Care applied to the Department of Health and Human Services to establish a new dialysis center in Kannapolis, Rowan County, North Carolina. Dialysis Care planned to transfer ten stations from its existing facility in Salisbury. In addition to the dialysis services, Dialysis Care also planned to set up a home-training area to teach patients how to perform dialysis themselves.

The Department of Health and Human Services reviewed and denied Dialysis Care's application for a Certificate of Need, finding that the application did not conform with statutory and regulatory review criteria—specifically, N.C. Gen. Stat. §§ 131E-183(a)(3), (4), (5), (6), (12), and (18), and 10 N.C. Admin. Code 3R.2213(a)(7) and (b)(7). In short, the Department of Health and Human Services found that Dialysis Care (1) failed to show that there was a need for the new facility, (2) submitted a floor plan that was inconsistent with its proposal for a home-training area, and (3) failed to provide data about the number of infected patients and the number of patients who had become infected in the past year as required by 10 N.C.A.C. R3.2213(a)(7). Dialysis Care appealed the denial of the Certificate of Need to the Department of Health and Human Services. Bio-Medical Applications apparently did not have notice of that appeal because the Department of Health and Human Services neglected to publish notice of Dialysis Care's appeal in its official Monthly Reports.

Upon appeal to the Department of Health and Human Services, Dialysis Care submitted more data about the need for a new facility. That information resulted in a Settlement Agreement with the Department of Health and Human Services to grant a Certificate of Need to Dialysis Care. The Department of Health and Human Services approved the settlement through its Director of the Division of Facility Services on 12 May 1997.

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

On 3 July 1997, Bio-Medical Applications petitioned for a contested case hearing with the Office of Administrative Hearings to contest the award of a Certificate of Need to Dialysis Care by the Settlement Agreement. An Administrative Law Judge recommended affirming the award of a Certificate of Need to Dialysis Care.

When the matter came on before the Director of Facility Services for a final agency decision, Bio-Medical Applications moved to disqualify the Director as the final decision maker for the Department of Health and Human Services since she had previously approved the Settlement Agreement. The Director, however, denied that motion and issued the Department of Health and Human Services' final agency decision which adopted most of the Administrative Law Judge's recommendations. This appeal followed.

---

On appeal, Bio-Medical Applications offers five arguments as to why the Department of Health and Human Services' decision to grant a Certificate of Need should be reversed. In addition, the Department of Health and Human Services and Dialysis Care assign as error the Administrative Law Judge's denial of their motion to dismiss Bio-Medical Applications' petition as untimely. We hold that the Department of Health and Human Services did not err in awarding a Certificate of Need to Dialysis Care and therefore, we do not reach the issue of whether the Administrative Law Judge erred in denying Dialysis Care's motion to dismiss.

The North Carolina Administrative Procedure Act, N.C. Gen. Stat. § 150B-1 et seq., governs both trial and appellate court review of administrative agency decisions. *See Eury v. North Carolina Employment Sec. Comm'n*, 115 N.C. App. 590, 596, 446 S.E.2d 383, 387 (1994). Under § 150B-51(b),

> . . . the court reviewing a final agency decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decision are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29, 150B-30, 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1995). Although this statute "lists the grounds upon which the superior court may reverse or modify a final agency decision, the proper manner of review depends upon the particular issues presented on appeal." *Amanini v. North Carolina Dep't of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118, (1994); *see also State ex rel. Utilities Comm'n v. Bird Oil Co.*, 302 N.C. 14, 21, 273 S.E.2d 232, 236 (1981) (stating that the "nature of the contended error dictates the applicable scope of review").

We first note the unusual procedural posture of this case. The Settlement Agreement between the Department of Health and Human Services and Dialysis Care addressed only those parts of Dialysis Care's application for a Certificate of Need that the Department of Health and Human Services initially found did not conform to various criteria. The Settlement Agreement did not address each and every criterion because most issues had been resolved in the initial review. Significantly, while Bio-Medical Applications challenges the final agency decision affirming the Settlement Agreement, the initial review of Dialysis Care's application is not the subject of this appeal. Therefore, we consider only those matters that the Department of Health and Human Services and Dialysis Care addressed in the Settlement Agreement and the final agency decision. This limited and narrow review is important to note because Bio-Medical Applications offers some arguments pertaining to issues not addressed by the Department of Health and Human Services during Dialysis Care's appeal.

[1] Bio-Medical Applications first argues that the Department of Health and Human Services exceeded its authority and jurisdiction and committed errors of law by awarding a Certificate of Need on the basis of an application that was never shown to be conforming to all applicable criteria. While this argument is technically correct, we disagree with it as applied to the facts and unusual procedural posture of this case.

The appropriate standard of review for an assertion that a Department of Health and Human Services decision is based on an

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

error of law is *de novo* review. *See Hubbard v. State Const. Office, N.C. Dep't of Admin.*, 130 N.C. App. 254, 257, 502 S.E.2d 652, 656 (1998); *In re Appeal of Ramseur*, 120 N.C. App. 521, 524, 463 S.E.2d 254, 256 (1995). Under N.C. Gen. Stat. § 131E-183(a), the Department of Health and Human Services must review Certificate of Need applications and determine whether such applications conform to applicable criteria before issuing a Certificate of Need. The Department of Health and Human Services' own rules mandate that the Department either not issue a Certificate of Need to a non-conforming applicant, or issue a Certificate of Need with conditions to ensure conformity. 10 N.C.A.C. 3R.0313(a).

Case law also supports the proposition that an application must be found consistent with the statutory criteria before a Certificate of Need may be issued. *See, e.g., Retirement Villages, Inc. v. N.C. Dep't of Human Resources*, 124 N.C. App. 495, 477 S.E.2d 697 (1996).

Bio-Medical Applications bases its argument on the fact that prior to the Settlement Agreement, Dialysis Care failed to provide information regarding the number of infected patients and the number of patients who had recently converted to infected status, as required by 10 N.C.A.C. R3.2213(a)(7). After a review of the record, we find no evidence that Dialysis Care satisfied this criterion before entering into the Settlement Agreement. In fact, the Department of Health and Human Services' project analyst admitted that Dialysis Care did not provide the required information.

But this appeal is not from the Settlement Agreement alone; rather, Bio-Medical Applications also appeals from the Department of Health and Human Services' final agency decision which affirmed the issuance of the Certificate of Need to Dialysis Care. Before rendering the final agency decision, the Department received and considered additional information from Dialysis Care, including the number of infected patients—information that is useful in determining whether a provider will be able to provide safe and quality care to its patients. By supplying such information, Dialysis Care satisfied the Department's concerns as to whether it would be able to adequately care for its patients. We, therefore, find that Bio-Medical Applications was not prejudiced by these alleged mistakes or omissions under the Settlement Agreement because they were corrected by the final agency decision.

[2] Bio-Medical Applications next argues that the Department of Health and Human Services' final agency decision failed to make cru-

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

cial findings of fact and was unsupported by and contrary to the evidence of record. We disagree.

When it is alleged that a final agency decision was not supported by the evidence, this Court must apply the "whole record" test. *See Retirement Villages*, 124 N.C. App. at 498, 477 S.E.2d at 699. In applying the whole record test, the reviewing court is required "to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence'." *In re Meads*, 349 N.C. 656, 663, 509 S.E.2d 165, 170 (1998) (quoting *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Meads*, 349 N.C. at 663, 509 S.E.2d at 170 (quoting *State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977)).

Under the whole record test, "an agency's ruling should only be reversed if it is not supported by substantial evidence." *Retirement Villages*, 124 N.C. App. at 498, 477 S.E.2d at 699. We should not replace the Department of Health and Human Services' judgment as between two reasonably conflicting views, even if we might have reached a different result if the matter was before us *de novo. See In Re Meads*.

Bio-Medical Applications alleges that the Department of Health and Human Service's final decision "fails to include any Findings on whether, at the time of settlement, the Department of [Health and Human Services] had any credible basis to support a determination of conformity on the need issue, the home training/square footage issue or on the reporting requirement for infectious disease patients." As we noted in our discussion of Bio-Medical Applications' first argument, we do not look at the Settlement Agreement only, but also take into consideration the information supplied to the final agency decision maker. After a review of the record, we hold that the Department of Health and Human Services had reasonable grounds to believe that all criteria were met when it issued the final decision.

As listed in the summary of the facts, Dialysis Care's application for a Certificate of Need was originally rejected because it did not contain some required information. However, the record shows that evidence of need was provided by the time the parties agreed to the settlement. Information regarding the location of the home-training area and the number of infected patients was provided during argument before the Administrative Law Judge. When the Department of

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

Health and Human Services issued the final agency decision, it relied on *all* of the information, not just that provided before the Settlement. Upon review of this evidence, we hold that there was ample information upon which the Department of Health and Human Services could reasonably have based the final agency decision.

[3] Bio-Medical Applications also finds fault with the lack of findings regarding the size of the proposed facility. We first note that there are no specific size requirements for a dialysis facility. In any case, the issue of size was not a point addressed by the Department of Health and Human Services on Dialysis Care's appeal, and therefore is not a proper issue for this Court to address.

[4] Bio-Medical Applications next argues that the Department of Health and Human Services' final agency decision that approved Dialysis Care's application was arbitrary and capricious. We disagree.

A decision by an administrative agency "is arbitrary and capricious if it clearly evinces a lack of fair and careful consideration or want of impartial, reasoned decision making." *Joyce v. Winston-Salem State Univ.*, 91 N.C. App. 153, 156, 370 S.E.2d 866, 868, *cert. denied,* 323 N.C. 476, 373 S.E.2d 862 (1988). As explained by our Supreme Court:

> The "arbitrary or capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are "patently in bad faith," or "whimsical" in the sense that "they indicate a lack of fair and careful consideration" or "fail to indicate 'any course of reasoning and the exercise of judgment'. . . .

*Act-Up Triangle v. Comm'n for Health Services for the State of N.C.,* 354 N.C. 699, 707, 483 S.E.2d 388, 393 (1997). (Citations omitted).

To determine whether the Department of Health and Human Services was arbitrary and capricious, we once again employ the whole record test. *See Retirement Villages, supra.* Under this test, we review all competent evidence to determine whether the final agency decision is supported by substantial evidence.

Bio-Medical Applications argues that the evidence on record fails to show that Dialysis Care rectified the non-conforming parts of its application. However, the trial transcript shows ample evidence upon which the Administrative Law Judge and the Department of Health

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

and Human Services could have relied in finding that all criteria were met. In particular, the testimony of the Department of Health and Human Services' project analyst addressed the issues of need, market share, patient support, and utilization. The Administrative Law Judge also heard evidence concerning the number of patients with an infectious disease and the number of patients who had converted to infected status in the past year. Finally, the Department of Health and Human Services showed that its initial finding that the proposed site did not include a training room was in error—the blueprint was smudged, making it partially illegible—but this error was rectified during the course of the appeal.

Bio-Medical Applications also argues that the Certificate of Need award was arbitrary because it "appears that the Department of [Health and Human Services'] decision-maker did not even carefully read the Department of [Health and Human Services] Final Agency Decision before signing it . . . ." Reviewing the evidence under the whole record test, we find that the final agency decision was supported by evidence which tended to show that all the necessary criteria had been met. Such being the case, we cannot find fault on that ground with the Director of the Division of Facility Services' approval of the settlement.

**[5]** Bio-Medical Applications next argues that the Department of Health and Human Services' final agency decision is defective under N.C. Gen. Stat. § 150B-51(a) (1995) in that it fails to state specific reasons why the Department of Health and Human Services did not adopt multiple portions of the Administrative Law Judge's Recommended Decision. We disagree.

N.C. Gen. Stat. § 150B-51(a) states:

> [I]f the [Department of Human Resources] did not adopt the recommended decision, the court shall determine whether the [Department of Human Resources'] decision states the specific reasons why the Department of Human Resources did not adopt the recommended decision. If the court determines that the Department of Human Resources did not state specific reasons why it did not adopt a recommended decision, the court shall reverse the decision or remand the case to the Department of Human Resources to enter the specific reasons.

However, this rule *does not* require a point-by-point refutation of an Administrative Law Judge's findings and conclusions. *See Webb v.*

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

*N.C. Dep't of Env't, Health and Natural Resources, Coastal Resources Comm'n*, 102 N.C. App. 767, 770, 404 S.E.2d 29, 31 (1991). We find no error in the fact that the final agency decision essentially adopted the Administrative Law Judge's Recommended Decision.

[6] Bio-Medical Applications finally argues that the Director of the Division of Facility Services erred in refusing to recuse herself upon its request, and thereby denied the company its due process rights. We disagree.

The Administrative Procedure Act states that a final decision maker for the Department of Health and Human Services may be disqualified due to "personal bias or other reason." N.C. Gen. Stat. § 150B-36(a) (1995).

In this case, Bio-Medical Applications does not argue that the Director was biased—rather, Bio-Medical Applications argues that the Director should have recused herself because she reviewed her own decision to award a Certificate of Need to Dialysis Care. A similar and more compelling issue was presented to our Supreme Court in *Hearne v. Sherman*, 350 N.C. 612, 516 S.E.2d 864 (1999). Our Supreme Court reviewed the facts of *Hearne* in which a final decision maker rejected the findings of both an Administrative Law Judge and the State Personnel Commission, and instead based his final decision on *his own testimony and credibility* from the earlier proceeding. Our Supreme Court split evenly on the issue of whether the fairness notions of due process were offended leaving the matter affirmed without precedential value. Although we do not rely on *Hearne* to decide the issue in this case, it is difficult to escape the fact that the case at bar presents a much less drastic example of an agency decision maker reviewing her own work. Unlike the final agency decision maker in *Hearne*, who reviewed his own testimony and credibility, the final agency decision maker in this case had no personal stake in the outcome of the final agency decision. We, therefore, hold that her failure to recuse herself did not amount to a violation of Bio-Medical Applications' due process rights.

Affirmed.

Judges JOHN and EDMUNDS concur.