**William David SIMPSON, Plaintiff,**

v.

**MACON COUNTY, NORTH CAROLINA; Macon County Board of Health; Charles Terry Dalton, individually, and in his capacity as the Chairman of the Macon County Board of Health; Dr. John Hamm, individu-**

---

ally, and in his capacity as a Member of the Macon County Board of Health; Mack Stanfield, individually, and in his capacity as a Member of the Macon County Board of Health; George Rudy, in his capacity as a Member of the Macon County Board of Health; Dave Milliken, in his capacity as a Member of the Macon County Board of Health; Tere Swany, as a Member of the Macon County Board of Health; Velma Zeek, as a Member of the Macon County Board of Health; Dr. Bob Richeson, individually, and in his capacity as a Member of the Macon County Board of Health; and Dr. Peter Reitt, as a Member of the Macon County Board of Health, Defendants.

Civil No. 2:99CV201.

United States District Court,
W.D. North Carolina,
Bryson City Division.

Jan. 19, 2001.

David P. Voerman, New Bern, NC, Barbara Allison Goldstein, Sylva, NC, for plaintiff.

Jones P. Byrd, Van Winkle, Buck, Wall, Starnes & Davis, P. A., Asheville, NC, for defendants.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiff's timely filed objections to the Memorandum and Recommendation of

United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendants' motion to dismiss and their alternative motion for summary judgment to the Magistrate Judge for a recommendation as to disposition. In its October 27, 2000, Order, this Court informed the parties that it would consider the Defendants' motion for summary judgment, and afforded the parties an additional thirty days to submit any other material they wished the Court to consider before ruling on the motion. The Defendants submitted additional materials for the Court to consider within this thirty day period; Plaintiff did not respond until 34 days after the entry of the Court's order. In its December 7, 2000, Order, this Court directed Plaintiff to identify the specific pages and passages of the Administrative Law Judge (ALJ) trial transcript which he wished the Court to consider. Plaintiff complied with the Court's order, and the Court has thoroughly reviewed the portions of the transcript to which it was referred by Plaintiff. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the undersigned allows the Defendants' motion for summary judgment in part and remands the Plaintiff's challenge of N.C. Gen.Stat. § 126–37 to the state court.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed. R. Civ. R. 56(c). A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party, here the Plaintiff. *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Defendants as the moving parties have the initial burden to show a lack of evidence to support the Plaintiff's case. *Id.* (citing *Celotex Corp. v. Catrett,*

477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If that showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. *Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]." *Id.* A "mere scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* "The party opposing summary judgment has an affirmative duty to direct the court's attention to those specific portions of the record on which the party relies to create a genuine issue of material fact." 11 *Moore's Federal Practice,* § 56.13[4] (3d ed.1997); *Ward v. Eli Lilly & Co.,* 173 F.3d 853 (table), 1999 WL 150768, *1 (4th Cir.1999) ("**The non-movant must point to specific evidence establishing a triable dispute, and cannot rely upon bare allegations.**") (citing *Anderson, supra;* Fed.R.Civ.P. 56). Moreover, in considering the facts of the case for purposes of this motion, the Court will view the pleadings and material presented in the light most favorable to the Plaintiff, as the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. STATEMENT OF FACTS

Plaintiff was dismissed from employment as the Macon County Health Director in January 1997. Memorandum in Opposition to Motions to Dismiss, at 2. Plaintiff appealed his dismissal to the Office of Administrative Proceedings pursuant to N.C. Gen.Stat. § 126–35, and the provisions of the Administrative Procedure Act for the State of North Carolina, codified at N.C. Gen.Stat. § 150B, *et seq. Id.* The case was assigned to and heard by an ALJ in mid and late 1998. *Id.* The ALJ made a full review of the case, considering "extensive exhibits, testimony, and argument" presented by the parties. Petition for Judicial Review and Complaint, at 3. The ALJ made various findings of fact and conclusions of law, and recommended that

the decision to terminate Plaintiff's employment be affirmed. Memorandum in Opposition, at 2.

In accordance with the State Personnel Act, the ALJ's recommendations were referred to the State Personnel Commission (SPC). *Id.*, at 3. "After a submission of arguments and exceptions and objections by both parties, and after hearing oral argument, the State Personnel Commission entered a Recommended Decision on June 28, 1999, which recommended the adoption of [the ALJ's] decision in toto [sic]." *Id.*, at 3–4. The Macon County Board of Health entered a "Final Decision" on August 10, 1999, which modified the findings and recommendations of the ALJ and SPC. *Id.*, at 4. The Board of Health affirmed the decision to terminate Plaintiff's employment. *Id.*

Plaintiff subsequently filed a Petition for Judicial Review pursuant to N.C. Gen.Stat. § 150B–43 in the Superior Court of Macon County. *Id.* Concomitantly, Plaintiff filed a complaint seeking to recover damages for alleged violations of the United States and North Carolina constitutions, and challenging the constitutionality of N.C. Gen. Stat. § 126–37. *Id.*, at 4, 15. Defendants removed the case to this Court, noting this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Notice of Removal, at 2.

## III. DISCUSSION

Plaintiff seeks relief for a number of alleged violations of due process. First, he claims that four members of the Board of Health, the body which made the final decision to fire Plaintiff, harbored a personal bias against him. Petition for Judicial Review and Complaint, at 16. Specifically, Plaintiff alleges that these members had previously testified against him before an ALJ who was reviewing Plaintiff's dismissal. *Id.*, at 17. The testimony of the Board Members concerned Plaintiff's credibility and veracity. *Id.* Furthermore, Plaintiff alleges that one member of the Board harbored and concealed a fixed bias

against him, independent of testimony given against Plaintiff before the ALJ. *Id.*, at 18.

Defendants seek dismissal on these claims, arguing that the alleged acts do not violate any constitutionally protected right. Though Defendants concede that Plaintiff has a property interest in continued employment, they dispute that any right to substantive or procedural due process that Plaintiff might have was violated. Defendants' Memorandum in Support of Motion to Dismiss or, Alternatively, For Summary Judgment, at 3–5. They argue that Plaintiff's property interest is not a constitutionally protected right, that Plaintiff's liberty interest, protected by substantive due process rights, was not infringed, and that Plaintiff was afforded adequate procedural due process. *Id.*

" 'The Fifth and Fourteenth Amendments to the United States Constitution, together with the Law of the Land Clause of Article I, § 19 of the North Carolina Constitution, provide that no person shall be deprived of life, liberty, or property without due process of law.' " *In re Lamm,* 116 N.C.App. 382, 384, 448 S.E.2d 125, 128 (1994) (quoting *State v. McCleary,* 65 N.C.App. 174, 180, 308 S.E.2d 883, 888 (1983)). "Article I, § 19 of the North Carolina Constitution is synonymous with 'due process of law' as that term is applied under the Fourteenth Amendment to the federal Constitution ..., and United States Supreme Court interpretations of the latter, though not binding, are highly persuasive in construing the former." *Id.* (citations omitted). "At its elementary level[,] due process requires 'notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Richardson v. Town of Eastover,* 922 F.2d 1152, 1160 (4th Cir.1991) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); *accord, Frizzelle v. Harnett County,* 106 N.C.App. 234, 239,

416 S.E.2d 421, 423 (1992). With these standards in mind, the Court will consider whether the Plaintiff has presented sufficient evidence such that a reasonable jury could find in his favor.

■ Plaintiff alleges that he was denied due process by virtue of the fact that four members of the Board of Health gave testimony before the ALJ concerning Plaintiff's credibility. "An impartial decision maker is an essential element of due process." *Bowens v. N.C. Dep't of Human Resources*, 710 F.2d 1015, 1020 (4th Cir. 1983) (citing *Goldberg v. Kelly*, 397 U.S. 254, 271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)). "An individual is not disqualified, however, because he has formed opinions about a case based on his or her participation in it. To be disqualifying, personal bias must stem from a source other than knowledge a decision maker acquires from participating in a case." *Id.* (citations omitted). Furthermore, "actual bias or a high probability of bias must be present before due process concerns are raised," *Marshall v. Cuomo*, 192 F.3d 473, 484 (4th Cir.1999) (citation omitted), and "a person claiming bias on the part of an administrative tribunal 'must overcome a presumption of honesty and integrity in those serving as adjudicators.'" *Hicks v. City of Watonga*, 942 F.2d 737, 746 (10th Cir.1991) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)). Plaintiff bears the heavy burden of proving bias or a high risk thereof. *Wolkenstein v. Reville*, 694 F.2d 35, 42 (2nd Cir.1982) (citing *Schweiker v. McClure*, 456 U.S. 188, 196, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982)).

■ Plaintiff does not allege that the four Board Members were merely familiar with his case; rather, he alleges that they testified against him with respect to issues of Plaintiff's veracity and credibility before the ALJ. This alone, however, would not suffice to deny Plaintiff due process, for, as noted *supra*, "[t]o be disqualifying, personal bias must stem from a source other than knowledge a decision maker acquires from participating in a case." *Bowens*, 710 F.2d

at 1020. The only evidence before the Court regarding the testimony of certain Board Members before the ALJ indicates that their role as witnesses was confined to answering specific questions concerning their personal knowledge of facts—knowledge of which was gained during service in their official capacities as Board Members—relevant to the disciplinary action in dispute. *See* the ALJ's Recommended Decision, at 6, *attached to* Defendants' Response to Requests for Submissions; *see, e.g.,* Testimony of John A. Hamm, ALJ Trial Transcript, Vol. IV(A), at 13–16; Testimony of Mac D. Stanfield, ALJ Trial Transcript, Vol. IV(A), at 88–97. Thus, no disqualifying bias is present, for the Board Members did nothing more than testify about opinions they had formed "based on [their] participation in [the case]." *Bowens*, 710 F.2d at 1020. Indeed, there is no evidence that any Board Member was actually biased, regardless of the source thereof. Testifying truthfully before an ALJ, even where such testimony reveals another's malfeasance, is not indicative, much less proof, of bias. Because proof of (extrajudicial) bias is entirely absent, the Defendants are entitled to summary judgment on this claim. *See Cuomo*, 192 F.3d at 484; *Celotex Corp.*, 477 U.S. at 324–26, 106 S.Ct. 2548.

Additionally, Plaintiff alleges that one member of the group of four allegedly biased Board Members harbored a second personal bias. As noted *supra*, a biased tribunal is violative of due process. However, Plaintiff has failed to submit any evidence showing bias. Summary judgment on this claim, too, will be granted.

Plaintiff alleges that members of the Board of Health impugned his credibility and veracity, and as a result he has been unable to secure employment in his field of expertise. Complaint, at 17, 19. As Defendants correctly note, statements that "imply the existence of serious character defects such as dishonesty or immorality," "that might seriously damage [the plaintiff's] standing and associations in his com-

munity," or "foreclose[ ] his freedom to take advantage of other employment opportunities" may constitute substantive due process violations. *Robertson v. Rogers,* 679 F.2d 1090, 1092 (4th Cir.1982); *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Here again, Plaintiff's bare allegations are unsupported by fact. Plaintiff has failed to introduce any evidence from which a reasonable jury could conclude that the Board of Health violated his substantive due process rights. Therefore, the Defendants are entitled to summary judgment on this claim. *See Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 960 (4th Cir.1996) ("unsubstantiated allegations and bald assertions" do not have sufficient probative force to reflect a genuine issue of material fact); *Ward,* 1999 WL 150768, *1.

Next, Plaintiff alleges that the members of the Board of Health failed to review the case record before rendering their decision. In essence, then, Plaintiff complains that the Board's decision was arbitrary and capricious. "The arbitrary or capricious standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are patently in bad faith, or whimsical in the sense that they indicate a lack of fair and careful consideration or fail to indicate any course of reasoning and the exercise of judgment ...." *Bio–Medical Applications of N.C., Inc. v. N.C. Dep't of Human Resources,* 136 N.C.App. 103, 111, 523 S.E.2d 677, 682 (1999) (quoting *ACT–UP Triangle v. Comm'n for Health Services,* 345 N.C. 699, 707, 483 S.E.2d 388, 393 (1997) (internal quotations omitted)).

Once again, Plaintiff offers no evidence in support of his claim. Indeed, this claim is refuted by the sworn statement of Dr. J. Peter Reitt, a member of the Board of Health. *See* Affidavit of Dr. J. Peter Reitt, at ¶ 3, *attached to* Defendant's Response to Request. Dr. Reitt states in his affidavit that the Board "covered the charges against [the Plaintiff] in detail and

if we had questions, we could look at the documents and the transcript of the hearing." *Id.* Similarly, another member of the Board, Dr. John Hamm, submitted an affidavit in which he states; "We just went through the judge's decision paragraph by paragraph and looked at the documents or the transcript if there was a question. Several of the Board members spent considerable time reading portions of the transcript." Affidavit of Dr. John Hamm, at ¶ 5, *attached to* Defendants' Response to Request. The affidavits of six other Board Members were submitted to the Court; each confirms that the members of the Board of Health thoroughly reviewed the case record. *See* Affidavits of Mack Stanfield, Tere Swany, George Rudy, Velma Zeek, Dave Millikan, and Dr. Bob Richeson, *attached to* Defendants' Response to Request. As the Plaintiff has proffered no evidence in support of his claim that the Board of Health failed to review the case record, the Defendants are entitled to summary judgment on this claim.

Plaintiff also alleges that the Board's failure to provide him notice and the opportunity to be heard directly before the Board issued its final decision constitutes a violation of due process. Complaint, at 18–19. "[D]ue process does not require that in every instance of a deprivation of property ... a full blown hearing must be conducted before an impartial tribunal. A hearing need only be provided 'at a meaningful time and in a meaningful manner' in the context of all the circumstances." *Richardson,* 922 F.2d at 1160 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (internal quotations omitted)); *accord, In re Lamm,* 116 N.C.App. at 385–86, 448 S.E.2d at 128–29.

> [T]hree factors should be considered in determining the nature and timing of a hearing: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if

any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail."

*Richardson,* 922 F.2d at 1160 (quoting *Mathews,* 424 U.S. at 335, 96 S.Ct. 893).

■ Plaintiff was given notice of the hearing before the ALJ and was afforded the opportunity to present evidence, of which he took full advantage. *See* Complaint, at 3; Memorandum of Law in Support of Motion to Remand, at 3–4. Additionally, Plaintiff was given the opportunity to, and did, file objections/arguments to the ALJ's Recommended Decision with the SPC. Motion to Remand, at 5. In the end, though they rejected some of the ALJ's/SPC's findings, the Board of Health accepted the SPC's recommendation that Plaintiff be dismissed. *Id.* Despite all this, Plaintiff complains that he should have been given another "full blown hearing" before the Board of Health made its final decision. Perhaps it would be desirable to do so, but that is a choice for the legislature. *See Brewer by Dreyfus v. Austin Indep. School Dist.,* 779 F.2d 260, 263 (5th Cir.1985). Plaintiff was afforded due process when he was provided with notice and a hearing. "Due process need only be provided once." *Id.* The Defendants are entitled to summary judgment on this claim.

Plaintiff also asserts that N.C. Gen.Stat. § 126–37 is unconstitutional. Memorandum in Opposition, at 15. The statute, he alleges, is violative of both due process and equal protection. *Id.,* at 18, 20. In a decision without precedential value, an evenly divided North Carolina Supreme Court affirmed an unpublished North Carolina Court of Appeals decision, and concluded that "a final agency decision rendered pursuant to the procedures set forth in N.C.G.S. § 126–37 does not constitute a violation of a petitioner's due process rights[.]" *Hearne v. Sherman,* 350 N.C.

612, 516 S.E.2d 864 (1999). Thus, Plaintiff's claim may be precluded by *res judicata.* Because the Court grants summary judgment in favor of the Defendants on each of the Plaintiff's federal claims, and all that remains is a novel or complex issue of state law, the Court declines to exercise its supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c). Instead, the Plaintiff's claim that N.C. Gen.Stat. § 126–37 is unconstitutional will be remanded to state court.

Finally, this Court need not decide whether the Defendants would be entitled to qualified immunity and immunity from actions based on a theory of *respondeat superior* brought against a government entity, as the undersigned has herein granted the Defendants' motion for summary judgment on each of the Plaintiff's federal claims, and has remanded the remaining state claim to state court.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for summary judgment is **ALLOWED** in part and **DENIED** in part as reflected by the Judgment filed herewith.

## JUDGMENT

For the reasons stated in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendants' motion for summary judgment is **ALLOWED** as to Plaintiff's federal claims, and those claims are hereby **DISMISSED WITH PREJUDICE** in their entirety.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants' motion for summary judgment is **DENIED** as to Plaintiff's state claims; and the Court, having declined to exercise its supplemental jurisdiction over such claims, hereby **REMANDS** Plaintiff's challenge to the constitutionality of N.C. Gen. Stat. § 126–37 along with his petition for

*de novo* judicial review of the final administrative action to the state courts of North Carolina.